Dear Mr. Wall:
This office is in receipt of your opinion request concerning the annexation of the Town of Pearl River area and the action that should be taken concerning the voters in these areas. You also asked whether the citizens in this area were eligible to vote in the elections. You state that you received documentation concerning the annexation to the town which included various ordinances enlarging the boundaries of the Town of Pearl River, and a letter of preclearance from the U.S. Department of Justice. However, you indicate that there has not been an issuance of any certificate as to the number of registered voters in the affected area, and you seek our opinion regarding this matter.
There are two approaches to validate an ordinance to enlarge the boundaries of a municipality, as provided by LSA-R.S. 33:172
(A)(1) (D). The first approach, found in R.S. 33:172 (A) (1), provides in pertinent part:
 A. (1) No ordinance enlarging the boundaries of a municipality shall be valid unless, prior to the adoption thereof, a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits, all according to the certificates of the parish assessor and parish registrar of voters. If there are no registered voters residing in the area proposed for annexation, then the requirement for a majority of the registered voters on the petition shall not apply.
Under this approach, no ordinance is valid until a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property proposed to be annexed. The municipality contemplating this annexation of the property should request a certification from the assessor as to whether a petition for the annexation contains the written assent of twenty-five percent in value of the property of the resident property owners, and the registrar of voters shall provide a certification as to whether a petition for annexation contains a written assent of a majority of the registered voters within the area proposed to be annexed. Thus, without the certifications from the parish assessor and registrar of voters, the ordinance is invalid.
Under the second approach, a municipality may annex property without the petition required in R.S. 33:172 (A). LSA-R.S. 33:172
(D) provides, in pertinent part:
 D. Notwithstanding the provisions of Subsection (A) of this section, any municipality may annex contiguous areas without the petitions required by said Subsection (A), by ordinance, provided prior to the adoption of any such ordinance, the question of the annexation shall be submitted to the qualified voters residing within the area proposed to be annexed in a special election called for that purpose by the municipality, and a majority of those voting at such election shall have voted in favor of the annexation. Any municipality may call such an election after being requested to do so through a petition signed by at least twenty-five percent of the resident property owners residing in the area requesting annexation and by the owners of at least twenty-five percent in value of the resident property within such area . . .
According to the facts submitted, it appears that the second approach is being utilized for the expansion of the Town of Pearl River, i.e. annexation by way of ordinance and election, rather than annexation by way of petition and ordinance. The ordinance received must now be submitted to the qualified voters residing within the area proposed to be annexed in a special election called for that purpose by the municipality. The municipality may call the special election, or twenty-five percent of the resident property owners residing in the area requesting annexation and the owners of at least twenty-five percent in value of the resident property within such area can request the municipality to call such an election.
In answering your question concerning the citizen's eligibility to vote in the Town election, LSA-R.S. 33:155 states:
 At the election no person shall be allowed to vote except those who are qualified to vote under the general election laws, and who reside in and upon the lots or land proposed to be annexed to and included in the territorial corporate limits of such city or town.
In conclusion, we are of the opinion that the annexation proposed is adhering to the procedure in R.S. 33:172 (D), which is by way of ordinance and election, rather than petition and ordinance. Therefore, no certifications are required in this instance, and those qualified voters of the proposed area to be annexed to the Town of Pearl River are eligible to vote in the special election.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ANGIE ROGERS LaPLACE ASSISTANT ATTORNEY GENERAL
RPI/ARL:cwr
Date Received: Date Released:
Angie Rogers LaPlace Assistant Attorney General